IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

FILED
01 MAR -7 PM 3:14

U.S. ... COURT
N.D. OF ALABAMA

| | |
|---|---|
| JAMES B. BARRON, JR., | } |
| Plaintiff, | } |
| vs. | } CIVIL ACTION NO. |
| | } 98-AR-1764-M |
| THE STANLEY WORKS, INC., | } |
| Defendant. | } |

ENTERED
MAR - 7 2001

### MEMORANDUM OPINION

The dictionary gives "trustworthy" as a synonym for the word "credible" and "trustworthy" as a synonym for the word "reliable". Does this mean that "reliable" is a synonym for "credible"? This court is charged with the obligation **not** to pass on the "credibility" of an expert witness, because that is the province of the jury, but the responsibility to pass on the "reliability" of that same expert because that is the province of the trial judge under *Daubert*.

After considering the evidence submitted at the *Daubert* hearing conducted in this case on March 5, 2001, if the court had reached the conclusion that Boulter Kelsey is not sufficiently reliable as an expert witness to be allowed to share his opinions with the jury, this court would be writing a more elaborate opinion than the one it is writing, because, as a practical matter, plaintiff's case would be over at the trial court level, and the case would be on its way to appellate review, in which event the Eleventh Circuit would be called upon to decide whether this court



had abused its rather awesome *Daubert* powers.

Not for the purpose of avoiding a more comprehensive discussion of the *Daubert* factors, but because this court finds that plaintiff has met his burden of proving the requisites for admissibility under recently amended Rule 702, Federal Rules of Evidence, insofar as the proposed testimony of Mr. Kelsey is concerned, the court will, by separate order, deny defendant's motion to exclude Mr. Kelsey as a witness.

The court anticipates a legitimate debate at trial on March 26, 2001, between experts as to the cause or causes of this particular accident, and whether or not defendant's product was a contributing cause, but to exclude Mr. Kelsey's testimony would constitute interference by the court with what appears to be a legitimately debatable application of well understood physical principles to plaintiff's version of the facts, a version that promises to be strongly controverted.

During the *Daubert* hearing, the court shared with the parties the possibility of invoking Rule 706, Federal Rules of Evidence, and obtaining assistance in evaluating the *Daubert* factors in application to Mr. Kelsey's proposed testimony. Upon further reflection, this court will wait for another case to employ Rule 706, for two reasons. First, the court's telephone contacts with The Registry of Independent Scientific and Technical Advisors has revealed that to involve a court appointed expert in this case would necessitate, *inter alia*, a postponement of the present trial

date of this already hoary case. Second, and much more important, the court has concluded that despite its earlier lament, to which Justice Stephen Breyer referred in recommending the establishment of a panel of independent experts, Mr. Kelsey's evidence is of a character as to which this court feels capable of discharging its gatekeeping role without independent scientific or technical help. It is not required that this court agree or disagree with Mr. Kelsey's theory of causation in order to find that, subject to cross-examination and contradiction by opposing expert testimony, it may provide the kind of assistance to the jury that passes through the *Daubert* gate.

DONE this 7th day of March, 2001.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE